UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

CLAIRE E. HOSLEY,

                           Plaintiff,

v.                                                          5:25-CV-1496
                                                            (GTS/CBF)
CITY OF OSWEGO, NEW YORK,

                           Defendant.

_____

APPEARANCES:                                      OF COUNSEL:

AMDURSKY, PELKEY LAW FIRM                COURTNEY S. RADICK, ESQ.
  Counsel for Plaintiff
26 East Oneida Street
Oswego, NY 13126

SUGARMAN LAW FIRM LLP                      ALEXANDRA A. CALHOUN, ESQ.
  Counsel for Defendant
211 West Jefferson Street
Syracuse, NY 13202

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

Currently before the Court, in this civil rights action filed by Claire E. Hosley

("Plaintiff") against the City of Oswego ("Defendant"), is the Defendant's motion to dismiss

Plaintiff's Complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. No.

7.)  For the reasons set forth below, Defendant's motion is granted in part and denied in part.

I.      RELEVANT BACKGROUND

        A.      Plaintiff's Complaint

        Generally, in her Complaint, Plaintiff asserts seven claims: (1) a claim that Defendant

violated her civil rights pursuant to 42 U.S.C. § 1983 and the Fourth and Fourteenth

Amendments by subjecting her to excessive force; (2) a claim that Defendant violated her civil rights pursuant to 42 U.S.C. § 1983 and the Fourth Amendment by falsely restraining and arresting her; (3) a claim that Defendant violated her civil rights pursuant to 42 U.S.C. § 1983 and the Fourth Amendment by maintaining a malicious prosecution against her; (4) a claim of assault and battery pursuant to New York law; (5) a claim of negligence pursuant to New York law; (6) a claim of false arrest pursuant to New York law; and (7) a claim of malicious prosecution pursuant to New York law.  (Dkt. No. 2.)

### B.     Parties' Briefing on Defendant's Motion to Dismiss

#### 1.      Defendant's Memorandum of Law

Generally, in its motion to dismiss, Defendant makes four arguments.  (Dkt. No. 9, Attach. 3.)  First, Defendant argues that Plaintiff's federal law claims must be dismissed because she has failed to allege any facts that would plausibly suggest a custom, policy, or practice or failure to train representative of deliberate indifference as required for asserting such claims against a municipality.  (*Id.* at 5-8.)

Second, Defendant argues that Plaintiff's federal law claims must be dismissed also because she has not alleged facts plausibly suggesting any underlying constitutional violation for the following reasons: (a) she has not alleged facts to suggest what force was used against her by officers or why it was not objectively reasonable; (b) she has not alleged facts sufficient to suggest that the officers lacked probable cause to arrest her; and (c) her allegation that the relevant charges against her ended in an adjournment in contemplation of dismissal fails to suggest that the proceedings terminated in her favor as that is defined by law.  (*Id.* at 8-9.)

2

Third, Defendant argues that Plaintiff's negligence claim should be dismissed because (a) New York does not recognize any claim for negligent investigation or prosecution, and (b) she has not alleged the existence of any special duty as required. (*Id.* at 10-14.)

Fourth, Defendant argues that Plaintiff's assault and battery claims should be dismissed because (a) they are duplicative of her federal claims, and (b) she has failed to allege facts plausibly suggesting the relevant elements of those claims. (*Id.* at 14-15.)

### 2.      Plaintiff's Opposition Memorandum of Law

Generally, in opposition to Defendant's motion, Plaintiff makes four arguments. (Dkt. No. 12.) First, Plaintiff argues that she has sufficiently pleaded facts related to her Section 1983 claims because (a) discovery will provide more information about Defendant's policy of training its officers that is relevant to Plaintiff's claims, (b) there is a genuine issue of fact as to whether the officers' actions were reasonable or whether they were properly trained, (c) the fact that Plaintiff's arm was broken during the encounter and that the officers did not advise her she was under arrest before taking her to ground and placing her in handcuffs raises a reasonable inference that the officers were not properly trained, and (d) as to her malicious prosecution claim, she need not plead that the prosecution ended with an affirmative indication of innocence, but rather only that it ended without a conviction, which she has done here. (*Id.* at 6-12.)

Second, Plaintiff argues that she has stated a prima facie claim of negligence because policy considerations suggest that she should have some avenue of recourse for the injuries that Defendant's employees inflicted through their actions, and further development of the record is necessary to permit a factfinder to fully consider the issues surrounding Plaintiff's claim. (*Id.* at 12-14.)

3

Third, Plaintiff argues that she has sufficiently stated claims for assault and battery because she has alleged facts plausibly suggesting that the officers used excessive force against her, including that the actions taken by the officers were intentional. (*Id.* at 14-15.)

Fourth, Plaintiff argues, specifically as to her Section 1983 claim, that she should be permitted to file a motion to amend the Complaint if the Court finds the Complaint to be deficient in any relevant respect. (*Id.* at 12.)

### 3.    Defendant's Reply Memorandum of Law

Generally, in reply, Defendant makes three arguments. (Dkt. No. 15.) First, Defendant argues that Plaintiff's Section 1983 claims should be dismissed because Plaintiff has not alleged any facts to support a failure to train or deliberate indifference as required under such a theory of liability. (*Id.* at 4-5.)

Second, Defendant argues that Plaintiff's negligence claim must be dismissed because Plaintiff's appeals to public policy considerations cannot overcome the fact that New York law requires the showing of a special duty owed by a municipality and she has not pleaded facts related to any such duty here. (*Id.* at 5-6.)

Third, Defendant argues that Plaintiff's assault and battery claims should be dismissed because, on a motion to dismiss, Defendant has no burden to show that the force used was reasonable, but merely that Plaintiff's allegations are insufficient to plausibly suggest the relevant claims. (*Id.* at 6.)

## II.    GOVERNING LEGAL STANDARD

It has long been understood that a dismissal for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6), can be based on one or both of two grounds:

4

(1) a challenge to the "sufficiency of the pleading" under Fed. R. Civ. P. 8(a)(2); or (2) a challenge to the legal cognizability of the claim. *Jackson v. Onondaga Cty.*, 549 F. Supp.2d 204, 211 nn. 15-16 (N.D.N.Y. 2008) (McAvoy, J.) (adopting Report-Recommendation on *de novo* review).

Because such dismissals are often based on the first ground, some elaboration regarding that ground is appropriate. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain "a *short and plain* statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) [emphasis added]. In the Court's view, this tension between permitting a "short and plain statement" and requiring that the statement "show[]" an entitlement to relief is often at the heart of misunderstandings that occur regarding the pleading standard established by Fed. R. Civ. P. 8(a)(2).

On the one hand, the Supreme Court has long characterized the "short and plain" pleading standard under Fed. R. Civ. P. 8(a)(2) as "simplified" and "liberal." *Jackson*, 549 F. Supp. 2d at 212 n.20 (citing Supreme Court case). On the other hand, the Supreme Court has held that, by requiring the above-described "showing," the pleading standard under Fed. R. Civ. P. 8(a)(2) requires that the pleading contain a statement that "give[s] the defendant *fair notice* of what the plaintiff's claim is and the grounds upon which it rests." *Jackson*, 549 F. Supp. 2d at 212 n.17 (citing Supreme Court cases) (emphasis added).

The Supreme Court has explained that such *fair notice* has the important purpose of "enabl[ing] the adverse party to answer and prepare for trial" and "facilitat[ing] a proper decision on the merits" by the court. *Jackson*, 549 F. Supp. 2d at 212 n.18 (citing Supreme Court cases); *Rusyniak v. Gensini,* 629 F. Supp. 2d 203, 213 & n.32 (N.D.N.Y. 2009) (Suddaby, J.) (citing

Second Circuit cases).  For this reason, as one commentator has correctly observed, the "liberal" notice pleading standard "has its limits."  2 *Moore's Federal Practice* § 12.34[1][b] at 12-61 (3d ed. 2003).  For example, numerous Supreme Court and Second Circuit decisions exist holding that a pleading has failed to meet the "liberal" notice pleading standard.  *Rusyniak,* 629 F. Supp. 2d at 213 n.22 (citing Supreme Court and Second Circuit cases); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-52 (2009).

Most notably, in *Bell Atlantic Corp. v. Twombly*, the Supreme Court reversed an appellate decision holding that a complaint had stated an actionable antitrust claim under 15 U.S.C. § 1.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  In doing so, the Court "retire[d]" the famous statement by the Court in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Twombly*, 127 S. Ct. at 560-61, 577.  Rather than turn on the *conceivability* of an actionable claim, the Court clarified, the "fair notice" standard turns on the *plausibility* of an actionable claim.  *Id*. at 555-70.  The Court explained that, while this does not mean that a pleading need "set out in detail the facts upon which [the claim is based]," it does mean that the pleading must contain at least "some factual allegation[s]."  *Id*. at 555.  More specifically, the "[f]actual allegations must be enough to raise a right to relief above the speculative level [to a plausible level]," assuming (of course) that all the allegations in the complaint are true.  *Id*.

As for the nature of what is "plausible," the Supreme Court explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*,

6

129 S. Ct. 1937, 1949 (2009). "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not show[n]–that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1950 (internal quotation marks and citations omitted). However, while the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," *id*., it "does not impose a probability requirement." *Twombly*, 550 U.S. at 556.

Because of this requirement of factual allegations plausibly suggesting an entitlement to relief, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by merely conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949. Similarly, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Iqbal*, 129 S. Ct. at 1949 (internal citations and alterations omitted). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*

Finally, a few words are appropriate regarding what documents are considered when a dismissal for failure to state a claim is contemplated. Generally, when contemplating a dismissal pursuant to Fed. R. Civ. P. 12(b)(6) or Fed. R. Civ. P. 12(c), the following matters outside the four corners of the complaint may be considered without triggering the standard governing a motion for summary judgment: (1) documents attached as an exhibit to the complaint or answer, (2) documents incorporated by reference in the complaint (and provided by the parties), (3)

7

documents that, although not incorporated by reference, are "integral" to the complaint, or (4)

any matter of which the court can take judicial notice for the factual background of the case.[1]

## III.    ANALYSIS

### A.    Whether Plaintiff's Municipal Liability Claim Must Be Dismissed

After careful consideration, the Court answers the above question in the affirmative for

the reasons related to the failure to allege a policy or custom stated in Defendant's memoranda of

---

[1]      *See* Fed. R. Civ. P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."); *L-7 Designs, Inc. v. Old Navy, LLC*, No. 10-573, 2011 WL 2135734, at *1 (2d Cir. June 1, 2011) (explaining that conversion from a motion to dismiss for failure to state a claim to a motion for summary judgment is not necessary under Fed. R. Civ. P. 12[d] if the "matters outside the pleadings" in consist of [1] documents attached to the complaint or answer, [2] documents incorporated by reference in the complaint (and provided by the parties), [3] documents that, although not incorporated by reference, are "integral" to the complaint, or [4] any matter of which the court can take judicial notice for the factual background of the case); *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) (explaining that a district court considering a dismissal pursuant to Fed. R. Civ. 12(b)(6) "may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint. . . .  Where a document is not incorporated by reference, the court may neverless consider it where the complaint relies heavily upon its terms and effect, thereby rendering the document 'integral' to the complaint. . . . However, even if a document is 'integral' to the complaint, it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document.  It must also be clear that there exist no material disputed issues of fact regarding the relevance of the document.") [internal quotation marks and citations omitted]; *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2009) ("The complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference.") (internal quotation marks and citations omitted); *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir.1995) (per curiam) ("[W]hen a plaintiff chooses not to attach to the complaint or incorporate by reference a [document] upon which it solely relies and which is integral to the complaint," the court may nevertheless take the document into consideration in deciding [a] defendant's motion to dismiss, without converting the proceeding to one for summary judgment.") (internal quotation marks and citation omitted).

law.[2]  *See, supra,* Parts I.B.1 and 2 of this Decision and Order.  To those reasons, the Court adds the following analysis.

"Plaintiffs proceeding under a *Monell* theory must 'plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right.'"  *Ringden v. Cnty. of Broome*, 24-C-1325, 2025 WL 3442967, at *3 (N.D.N.Y. Dec. 1, 2025) (Brindisi, J.) (quoting *Lucente v. Cnty. of Suffolk*, 980 F.3d 284, 297 [2d Cir. 2020]).  More specifically as to this first element, "'a plaintiff must plead that a deprivation of his constitutional rights was caused by a governmental custom, policy, or usage of the municipality,' . . . or policymakers' failure to supervise or train its employees that rises to deliberate indifference."  *Stabb v. Syracuse Police Dept.*, 25-CV-0280, 2026 WL 449486, at *2 (N.D.N.Y. Jan. 5, 2026) (quoting *Dougal v. Lewicki*, 23-CV-1167, 2023 WL 6430586, at *10 [N.D.N.Y. Oct. 3, 2023] [Hummel, M.J.], Report-Recommendation adopted by 2023 WL 7013384 [N.D.N.Y. Oct. 25, 2023] [Hurd. J.]; citing *Parker v. City of Long Beach*, 563 F. App'x 39 [2d Cir. 2014]), Report-Recommendation adopted by 2026 WL 447173 (N.D.N.Y. Feb. 17, 2026) (Coombe, J.).  Liability cannot be based on a theory of respondeat superior, and can lie only where the municipality is the "moving force" behind the violation of the plaintiff's constitutional rights.  *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480 (1986); *Bd. of the Cnty. Comm'rs of Bryan Cnty., Oklahoma v. Brown*, 520 U.S. 397, 400 (1997).

"[A] municipality can be liable for failing to train its employees where it acts with deliberate indifference in disregarding the risk that its employees will unconstitutionally apply its

---

[2]     The Court notably does not rely upon Defendant's arguments that Plaintiff has failed to allege any underlying constitutional violation to support her claim of municipal liability.

policies without more training." *Amnesty Am. V. Town of West Hartford*, 361 F.3d 113, 129 (2d Cir. 2004) (citing *City of Canton, Ohio v. Harris*, 489 U.S. 378, 390 [1989]). "To establish deliberate indifference, a plaintiff must show that: [i] a policymaker knows 'to a moral certainty' that city employees will confront a particular situation; [ii] the situation either presents the employee with 'a difficult choice of the sort that training or supervision will make less difficult' or 'there is a history of employees mishandling the situation;' and [3] 'the wrong choice by the city employee will frequently cause the deprivation of a citizen's constitutional rights.'" *Wray v. City of New York*, 490 F.3d 189, 195-96 (2d Cir. 2007) (quoting *Walker v. City of New York*, 974 F.2d 293, 297-98 [2d Cir. 1992]).

Here, where Plaintiff has sued only the City of Oswego, her sparse factual allegations do not *plausibly* suggest the existence of any policy or practice implemented by Defendant through its municipal policymakers. Her Complaint indeed does not refer to or mention any policy, custom, or practice even within the section specifically related to the Section 1983 claim, nor does it provide any factual allegations plausibly suggesting that Defendant had any involvement in the alleged violations of Plaintiff's constitutional rights by officers. Even a generous reading of Plaintiff's Complaint leads to the conclusion that she is asserting liability against Defendant purely on the basis of the doctrine of respondeat superior (i.e., the fact that the officers involved in the actions against her are employed by Defendant's police department), which, as discussed above, is not a proper basis for liability against a municipality pursuant to Section 1983.

To the extent Plaintiff's opposition memorandum of law appears to suggest that she intended to assert this claim under a theory that Defendants failed to adequately train its officers, even she acknowledges that "the Complaint does not state verbatim that the City failed to

10

properly train its officers." (Dkt. No. 12, at 9.)   Rather, she argues, "there is a reasonable inference that can be drawn that the officer was responding to a domestic dispute based on the allegation that the police were responding to a call from the occupant of the residence."  (*Id.* at 9.)  Apart from the fact that Plaintiff's sparse allegations in the Complaint do not, in fact, lead to any reasonable inference that the call to which the officers were responding was related to a domestic dispute merely because it was precipitated by a call from the occupant of the relevant residence, nothing in Plaintiff's Complaint suggests how the officers' training to handle domestic disputes was inadequate merely because an altercation with Plaintiff occurred and resulted in her suffering a broken arm.  It is entirely unclear what the nature of the situation those officers confronted was, apart from Plaintiff's allegations that Officer Hyde had a conversation with Plaintiff before taking her to the ground by "sweeping" her legs and ultimately handcuffing her and that Plaintiff did not strike or threaten officers or threaten to leave the area.  (Dkt. No. 2, at ¶¶ 5-7, 11.)  Similarly, there are no allegations that the specific situation was the sort that presented a difficult choice or which was frequently mishandled by officers because, again, it is not apparent from Plaintiff's Complaint what situation the officers confronted.

Nor does the Court agree with Plaintiff that the fact that her arm was broken combined with her other sparse factual allegations present a situation wherein "the need for more or different training [was] so obvious, and the inadequacy so likely to result in the violation of constitutional rights" that it plausibly suggests deliberate indifference on the part of Defendant for failing to provide such training.  *City of Canton, Ohio v. Harris*, 489 U.S. 378, 390 (1989).  Plaintiff notably provides no allegations regarding how her arm became broken other than implying that it happened when she was taken to the ground by Officer Hyde.  The fact that

11

Plaintiff did not strike or threaten officers or attempt to leave is insufficient to plausibly suggest that the actions they allegedly took against her were the result of a failure to train that arises to the level of deliberate indifference on behalf of the Defendants.  Notably, the Complaint acknowledges that Plaintiff was charged with obstructing governmental administration and resisting arrest, which could encompass conduct beyond her striking or threatening officers or her attempting to leave.

Lastly, although Plaintiff is correct that she is not required to possess or allege detailed information regarding Defendant's training of its officers related to any issues involved in the alleged constitutional violation(s) at this stage, such fact does not relieve her from the obligation to plausibly suggest that *some* failure to train existed and that the failure to train *caused* the alleged constitutional violation.  *See Amnesty Am. V. Town of West Hartford*, 361 F.3d 113, 130 n.10 (2d Cir. 2004) (noting that, at the pleading stage, the plaintiff "need only plead that the city's failure to train caused the constitutional violation").  Plaintiff has simply not met that threshold here, given that she has not even alleged in the Complaint itself that there was any failure to train, and her belated raising of that theory in her opposition memorandum of law cannot serve as a de facto amendment of her Complaint in an effort to overcome that deficiency (where, as here, she is represented by counsel).  *See Silverman v. Town of Riverhead*, 07-CV-3235, 2008 WL 11449352, at *5 (E.D.N.Y. Sept. 8, 2008), (declining to consider additional allegations raised in the opposition memorandum of a represented plaintiff because they "constitute matters outside the four corners of the pleadings") (collecting cases), Report-Recommendation adopted 2008 WL 11450629 (E.D.N.Y. Sept. 26, 2008).  Nor does either the Complaint or even Plaintiff's opposition memorandum plausibly allege that any failure to train

was the *cause* of any of the alleged constitutional violations other than arguing that the fact of her broken arm and of her arrest on charges that were later dismissed somehow inherently suggests that Defendant failed to properly train its officers. Again, she simply has not provided sufficient allegations regarding the circumstances underlying her claims from which a plausible suggestion of municipal liability can be drawn. Even the liberal pleading standard of Rule 8 requires more than vague generalities.

For the above reasons, the Court grants Defendant's motion to dismiss Plaintiff's municipal liability claims.[3]

### B. Whether Plaintiff Should Be Granted Leave to File a Motion to Amend Her Complaint

After careful consideration, the Court answers the above question in the affirmative for the following reasons.

"'After the twenty-one day period in which to serve an amendment as of right has expired, a party may amend its pleading only with the opposing party's written consent or the court's leave'" which the Court should grant freely "'when justice so requires.'" *O'Brien v. City of Syracuse*, 22-CV-0948, 2025 WL 1519411, at *31 (N.D.N.Y. May 27, 2025) (D'Agostino, J.) (quoting *Krul v. Brennan*, 501 F. Supp. 3d 87, 95 [N.D.N.Y. 2020]). "The Second Circuit has

---

[3]     Because the claims brought pursuant to Section 1983 against Defendant City of Oswego are the only federal claims in this action (and the basis for jurisdiction in this Court is the presence of federal claims rather than diversity of citizenship between the parties), the Court declines to address Defendant's arguments regarding the sufficiency of Plaintiff's state law claims at this time. The Court would not be inclined to exercise supplemental jurisdiction over Plaintiff's state law claims should she be unable to plead a federal claim, and amendments Plaintiff might make to the allegations in the Complaint may affect a finding on the sufficiency of those state law claims as well. The Court will permit Defendant to renew those arguments in response to any amended complaint, should Plaintiff be able to successfully plead facts to state a municipal liability claim pursuant to Section 1983.

explained that 'district courts should not deny leave [to amend] unless there is a substantial reason to do so, such as excessive delay, prejudice to the opposing party, or futility.'" *Exec. Trim Constr., Inc. v. Gross*, 525 F. Supp. 3d 357, 366 (N.D.N.Y. 2021) (quoting *Friedl v. City of New York*, 210 F.3d 79, 87 [2d Cir. 2000]).

Because Plaintiff's opposition memorandum of law suggests that she may be able to allege additional facts to plausibly suggest a failure to train related to her municipal liability claim, the Court will permit her a reasonable opportunity to file a motion to amend the Complaint.  That motion should comply with the requirements outlined in this Court's Local Rule 15.1.

**ACCORDINGLY**, it is

**ORDERED** that Defendant's motion to dismiss (Dkt. No. 9) is **GRANTED** **in part** and **DENIED** **in part without prejudice**; and it is further

**ORDERED** that Plaintiff's claims pursuant to Section 1983 are **DISMISSED** **without prejudice** to amendment in this action upon a successful motion to amend under N.D.N.Y. L.R. 15.1 filed within **THIRTY (30) DAYS** of the entry of this Decision and Order, and **with prejudice** upon the failure to file such a successful motion to amend.  Should Plaintiff fail to file such a motion within this allotted time period, the remaining state law claims in her Complaint will be dismissed without prejudice to refiling in state court based on the Court's declining to exercise supplemental jurisdiction over those claims.

Dated: May 12, 2026
      Syracuse, New York

Glenn T. Suddaby
U.S. District Judge

14